IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GRAND TREVISO CONDOMINIUM ASSOCIATION, INC., § § § Plaintiff, § § v. § § FIREMAN'S FUND INSURANCE § COMPANY, *et al.*, § § Defendants. § § § | Civil Action No. 3:24-CV-01403-N |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Fireman's Fund Insurance Company's ("FFIC") motion to dismiss [23]. For the following reasons, the Court grants in part and denies in part the motion. The Court further grants Plaintiff Grand Treviso Condominium Association, Inc. ("Grand Treviso") leave to amend its complaint following this Order.

I. ORIGINS OF THE DISPUTE

This is an insurance contract dispute. Grand Treviso is a homeowner's association comprised of owners of the Grand Treviso Condominiums in Irving, Texas. Pl.'s Second Am. Compl. ¶ 6 [20]. Grand Treviso alleges that the condominiums "suffered substantial damage" while insured by FFIC. *Id.* The alleged damage includes cracking of balcony fascia; corrosion of the metal railings of balconies; water-induced deterioration of framing components; deterioration of sealant beads at control joints, material transition locations, and penetrations; cracking and staining of mortar joints; and deformation of roof soffit

MEMORANDUM OPINION AND ORDER – PAGE 1

panels. *Id.* ¶ 7.  Grand Treviso asserts that these "issues were all caused by losses covered by the insurance policy issued by Defendants: construction, lack of maintenance, faulty repairs, defective materials, [and] storms." *Id.* ¶ 8.  Further, Grand Treviso pleads that the insurance policy was "in effect during the applicable time period when the damage occurred that provided insurance coverage for damage to the property." *Id.* ¶ 9.

After filing a claim with FFIC, Grand Treviso alleges that FFIC performed an investigation that had a predetermined outcome of denying the claim and then denied the claim in its entirety even though the policy covered the damage. *Id.* ¶¶ 6, 29(c)–(d).

Grand Treviso is suing FFIC for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").[1]  *Id.* ¶¶ 10–15, 22–37. FFIC now moves to dismiss all Grand Treviso's claims, arguing that Grand Treviso fails to sufficiently plead its claims against FFIC.  *See generally* Def.'s Mot. [23].

## II.  Rule 12(b)(6) Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] Grand Treviso also brought claims against Defendants Columbia Casualty Company, CNA Insurance, and Columbia Insurance Company but has since dropped those claims.

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, in

"deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that the "district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS IN PART AND DENIES IN PART FFIC'S MOTION TO DISMISS

#### A. *Grand Treviso States a Breach of Contract Claim*

Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex. App. — Houston [14th Dist.] 2005, pet. denied)). Here, first, Grand Treviso alleges that it "entered into a contract for insurance with Defendant FFIC to cover 'physical loss or damage'" to the property. Pl.'s Second Am. Compl. ¶ 12. Second, Grand Treviso pleads that it fulfilled its performance by paying insurance premiums to FFIC. *Id.* ¶ 13. Third, Grand Treviso asserts that FFIC breached the contract by denying its claim for the damage to the property even though the contract covered the damage. *Id.* ¶ 14. And fourth, Grand Treviso alleges that it suffered damages in the amount of the damage to the property as a direct result of FFIC's breach. *Id.* Accordingly, Grand Treviso has pled facts supporting each element of its breach of contract claim. FFIC argues that Grand Treviso must also identify the policy it is claiming coverage

under, the temporal term of the policy, and the policy provision detailing the applicable coverage. *See* Def.'s Mot. 4–5. The Court disagrees; at this stage, Grand Treviso is only required to adequately plead facts as to each element of a contract claim, which the Court holds Grand Treviso has done.

### B. Grand Treviso States a Breach of the Duty of Good Faith and Fair Dealing Claim

An insurer breaches its duty of good faith and fair dealing by denying or delaying payment of a claim when the insurer's liability has become reasonably clear. *See State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Here, Grand Treviso alleges that FFIC "engaged in unreasonable insurance practices by misrepresenting and failing to honor the terms of the insurance policies." Pl.'s Second Am. Compl. ¶ 34. Further, it pleads that FFIC's denial of its claim "is unreasonable and Defendant FFIC knew or should have known that its actions were unreasonable." *Id.* This is sufficient for Grand Treviso to state a claim for breach of the duty of good faith and fair dealing.

### C. Rule 9(b) Does Not Apply to Grand Treviso's Extracontractual Claims

FFIC next argues that Grand Treviso's Insurance Code and DTPA claims are subject to Rule 9(b), Def.'s Mot. 9–10, which requires a plaintiff to plead allegations of fraud or mistake with particularity. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). But this Court has previously considered and rejected this argument. *See, e.g.*, *Abbey on Preston H.O.A. v. Admiral Ins. Co.*, 2013 WL 12137742, at *2 (N.D. Tex. 2013) (Godbey, J.); *Recovery Res. Couns. v. ACE Am. Ins. Co.*, 2018 WL 3548912, at *2–3 (N.D. Tex. 2018) (Godbey, J.). In *Abbey*, the Court held that "Rule 9(b)'s stringent pleading requirements

should not be extended to causes of action not enumerated therein." 2013 WL 12137742 at *2 (quoting *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x. 662, 668 (5th Cir. 2004) (unpub.) and citing *Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 396–97 (5th Cir. 2005)). The Court noted that "a motion to dismiss under Rule 9(b) can result in the dismissal of claims other than fraud only in extraordinary circumstances." *Id.* at *2. And the Court further stated:

> Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.

*Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

Here, however, Grand Treviso does not allege fraud. And although misrepresentation is an element of Grand Treviso's DTPA and Insurance Code claims, fraud is not. *See generally* TEX. BUS. & COMM. CODE §§ 17.46, 17.50; TEX. INS. CODE §§ 541.060, 541.151. Accordingly, Rule 9(b) does not govern the claims. *See Abbey*, 2013 WL 12137742, at *2; *see also Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006) (declining to apply Rule 9(b) where plaintiff did not allege fraud).

### D. Grand Treviso States Insurance Code-Based DTPA Claims but Does Not State Stand-Alone DTPA Claims

The DTPA grants consumers a cause of action for damages caused by, among other things, false, misleading, or deceptive acts or practices. *See* TEX. BUS. & COM. CODE § 17.50(a). To allege a DTPA claim, a consumer must plead that the defendant violated a

specific provision of the DTPA, that the consumer detrimentally relied on the said act or practice, and that the violation was a producing cause of the consumer's injury. *See id.*

Grand Treviso claims that FFIC violated sections 17.46(b)(5) and 17.46(b)(7) of the DTPA (the "stand-alone DTPA claims") as well as section 17.50(a)(4) of the DTPA through its violations of the Texas Insurance Code (the "Insurance Code-based DTPA claims"). Pl.'s Second. Am Compl. ¶ 29. For the stand-alone DTPA violations, Grand Treviso alleges that FFIC violated the DTPA

> in that the insurance policy represents in the policy that it will pay for physical loss or damage to the property and in Defendant FFIC's denial of the claim represented that the insurance policy did not provide coverage for the physical loss or damage suffered by Plaintiff;

*Id.* ¶ 29(a)–(b). For the Insurance Code-based DTPA claims, Grand Treviso alleges that FFIC violated the Insurance Code and DTPA by (1) denying the claim even though the damage is covered; and (2) conducting an investigation with a predetermined outcome. *Id.* ¶ 29(c)–(d).

***1. The Stand-Alone DTPA Claims*** — FFIC argues that Grand Treviso's stand-alone DTPA claims fail because they constitute, at best, a mere breach of contract. Def.'s Mot. 8. Indeed, an "allegation of a mere breach of contract, without more, does not constitute a false, misleading or deceptive act in violation of the DTPA." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (citations omitted). Further, "representations that one will fulfill a contractual duty which one later fails to perform does not constitute misrepresentation, but rather the breach of a contractual duty." *Metro. Life Ins. Co. v. Haden & Co.*, 1998 WL 648603, at *7 (5th Cir. 1998) (unpub.) (citing *Formosa Plastics*

*Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998)). Here, Grand Treviso explains that the misrepresentation allegations are "based upon the very language of the policy itself." Pl.'s Resp. 9 [26]. FFIC's representation in the policy that it would fulfill its contractual duty — which Grand Treviso alleges it did not fulfill — does not constitute a misrepresentation forming the basis for a DTPA claim, but instead a breach of a contractual duty. *See Haden*, 1998 WL 648603, at *7. Thus, the Court holds that Grand Treviso's pleadings do not support claims under sections 17.46(b)(5) and 17.46(b)(7) of the DTPA.

  **2. *The Insurance Code-Based DTPA Claims* —** Next, FFIC argues that Grand Treviso's Insurance Code-based DTPA claims fail because Grand Treviso simply recites the statute and does not make factual allegations detailing representations, acts, or omissions that fall under the cited provisions. Def.'s Mot. 8. The Court disagrees. For the provisions of the Insurance Code that Grand Treviso alleges FFIC violated, Grand Treviso both quotes the provision and provides factual allegations of how FFIC violated that provision. *See* Pl.'s Second. Am Compl. ¶ 29(c)–(d). Grand Treviso's factual allegations include that FFIC "denied the claim in its entirety despite the fact that loss or damage is covered under the insurance policy" and "conducted an investigation that had a predetermined outcome of denying the claim under the policy." *Id.* Construing the complaint in the light most favorable to Grand Treviso, the Court holds that these allegations are sufficient to state plausible Insurance Code-based DTPA claims.

### *E. Grand Treviso Does Not Allege a Concurrent Cause of Damage*

Lastly, FFIC argues that Grand Treviso fails to state a claim because "it does not segregate damages or plead any specificity as to which Defendant caused what damages," as required by the concurrent-causes doctrine.[2]  Def.'s Mot. 10.  "Under this doctrine, 'when covered and non-covered perils combine to create a loss, the insured is entitled to recover only that portion of damage caused solely by the covered peril.'"  *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 476–77 (5th Cir. 2022) (quoting *Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 222 (Tex. App. — Dallas 2015, no pet.)).  Accordingly, the insured must "produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *Calitex*, 458 S.W.3d at 222–23 (quoting *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971) and citing *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 304 (Tex. App. — San Antonio 1999, pet. denied)).

Here, the Court determines that the concurrent-causes doctrine does not apply to Grand Treviso's claims because Grand Treviso alleges that all its losses are covered by its insurance policy with FFIC.  *See* Pl.'s Second Am. Compl. ¶ 8 ("These issues were all caused by losses covered by the insurance policy issued by Defendants.").  Further, even if Grand Treviso had pled that noncovered perils contributed to its losses, the concurrent-causes doctrine relates to sufficiency of evidence, not sufficiency of pleadings, and FFIC

---

[2]  To the extent FFIC bases this argument on the fact that Grand Treviso did not differentiate damages between Defendants, the Court rejects this argument as moot as Grand Treviso has dismissed all other Defendants from the case.

does not provide any examples of courts dismissing claims at the Rule 12(b)(6) stage for failure to specifically segregate damages. *See, e.g.*, *Calitex*, 458 S.W.3d at 222–23 (reviewing grant of summary judgment based on concurrent causes); *Seahawk Liquidating Tr. v. Certain Underwriters at Lloyds London*, 810 F.3d 986, 994 (5th Cir. 2016) (reviewing judgment based on concurrent causes following bench trial). Accordingly, the Court declines to dismiss Grand Treviso's claims on this basis.

## CONCLUSION

Because Grand Treviso adequately pled its breach of contract, breach of the duty of good faith and fair dealing, Texas Insurance Code, and Insurance Code-based DTPA claims, the Court denies FFIC's motion to dismiss these claims. However, because Grand Treviso did not adequately plead its claims based on sections 17.46(b)(5) and 17.46(b)(7) of the DTPA, the Court grants FFIC's motion to dismiss these claims. Further, the Court grants Grand Treviso leave to amend its complaint within 30 days of this Order. If Grand Treviso does not amend its complaint within 30 days, the Court will dismiss its claims based on sections 17.46(b)(5) and 17.46(b)(7) of the DTPA with prejudice without further notice.

Signed January 28, 2025.

_David C. Godbey_
Chief United States District Judge